RECEIVED
IN LAKE CHARLES, LA

AUG 11 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| TENNA MARIE COURVILLE | : | DOCKET NO. 2:05 CV 1495 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| TARGET CORPORATION OF MINNESOTA | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 19] filed by defendant, Target Corporation of Minnesota. ("Target"). Plaintiff filed an opposition [doc. 21], to which defendant filed a reply [doc. 24].

## FACTS

On August 13, 2004, the plaintiff, Tenna Marie Courville ("Courville") and her daughter were shopping at a Target store, owned and operated by the defendant.[1] Courville purchased several items from a cashier in one of the checkout lines and proceeded to exit the store.[2] As Courville walked from the checkout area toward the exit, she slipped and fell to the ground.[3] After falling, the

---

[1] Plaintiff's Statement of Undisputed Facts ¶ 1; Defendant's Memorandum in Support of Motion for Summary Judgment, p. 1.

[2] Plaintiff's Statement of Undisputed Facts ¶ 2; Defendant's Memorandum in Support of Motion for Summary Judgment, p. 1.

[3] Plaintiff's Statement of Undisputed Facts ¶ 2; Defendant's Memorandum in Support of Motion for Summary Judgment, p. 1.

1

plaintiff noticed a small amount of clear liquid on the floor in close proximity to where she fell.[4] At the time of the accident, Courville was placing her receipt into her wallet and did not notice the liquid as she exited.[5]

Neither party specifically identified the composition of this liquid, however they agree that the area of the store where Courville fell is a high-traffic area, adjacent to the snack bar.[6] After her accident, two Target employees, Melissa Menard and Cher Carriere, attended to Courville.[7] Menard inspected the accident site and completed a guest incident report.[8]

As a result of her fall, Courville allegedly injured her knee, requiring surgery and physical therapy.[9] Plaintiff filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana in July 2005. The matter was removed to this court.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the movant is able to demonstrate that the pleadings, affidavits, and other evidence available to the Court establish that there are no genuine issues of material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c); See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 2552-54,

---

[4] Defendant's Memorandum in Support of Motion for Summary Judgment, p. 1.

[5] Plaintiff's Statement of Undisputed Facts ¶ 3; Defendant's Memorandum in Support of Motion for Summary Judgment, p. 1.

[6] Plaintiff's Statement of Undisputed Facts ¶ 4; Defendant's Memorandum in Support of Motion for Summary Judgment, p. 3.

[7] Defendant's Memorandum in Support of Motion for Summary Judgment, p. 3.

[8] *See* Defendant's Exhibit E (Guest Incident Investigation).

[9] Plaintiff's Statement of Undisputed Facts ¶ 14.

91 L.Ed .2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-88, 106 S.Ct. 1348, 1355-57, 89 L.Ed.2d 538 (1986). When the nonmoving party has the burden of proof on an issue, the movant must state the basis for the motion and identify those portions of the pleadings, depositions, admissions, answers to interrogatories, together with affidavits, that demonstrate the absence of a genuine issue of material fact.[10] *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *Topalian v. Ehrman*, 954 F.2d 1125, 1131-32 (5th Cir.1992), cert. denied, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). A mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden. See *Celotex*, 477 U.S. at 328, 106 S.Ct. at 2555.

Once the movant has shown the absence of material factual issues, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts demonstrating that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514; *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The Court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456-58, 112 S.Ct. 2072, 2077, 119 L.Ed.2d 265 (1992); *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356. However, a party opposing summary judgment may not rest on mere conclusory allegations or denials in his pleadings.

---

[10] A "material" fact is one that might affect the outcome of the suit under the applicable substantive law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. In order for a dispute to be "genuine," the evidence before the Court must be such that a reasonable jury could return a verdict for the nonmoving party. *Id.*; see also, *Judwin Properties, Inc. v. United States Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir.1992).

Fed.R.Civ.P. 56(e); see also, *Topalian*, 954 F.2d at 1131.

## ANALYSIS

Louisiana's merchant-premises liability statute places the burden of proof squarely on the plaintiff in slip and fall claims against merchants. La. Rev. Stat. 9:2800.6. In addition to proving the elements of ordinary negligence, section B of the statute requires the plaintiff to prove three additional elements. The statute clearly sets forth that the claimant must prove *all* elements of section B. See also, *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997). At issue here is subsection B(2), which mandates that the plaintiff prove "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." La. Rev. Stat. 9:2800.6 (B) (2).

The chief case interpreting section B is *White v. Wal-Mart Stores, Inc.* 699 So.2d 1081. With respect to subsection B(2), the Court held that the statute requires a positive showing that the merchant had notice of the condition prior to the occurrence. They further stated, "The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall." *Id.* at 1084. "Though the time period need not be specific *in minutes or hours,* constructive notice requires that the claimant prove the condition existed for some time period prior to the fall." *Id.* at 1084-85 (italics in original).

In the instant matter, defendant Target asserts that Courville is unable to make a positive showing that liquid existed for "some time" before she fell. Accordingly, Target argues that there is no genuine issue of material fact as to whether they had constructive notice of the hazardous condition. In support, Target alleges: (1) that the area of the spill had been inspected by employee

4

Menard shortly before Courville fell, and (2) that in her inspection of the scene of the accident, employee Carriere found none of the "tell-tale" signs that the liquid had been on the floor for any length of time.[11]

Courville, however, asserts that there is sufficient circumstantial evidence of constructive notice such that summary judgment is inappropriate. First, Courville points to the fact that cashiers in the checkout area are within several feet of the accident site. Plaintiff cites *Cobb v. Wal-Mart Stores, Inc.*, where the court found constructive notice when the hazard was located in an aisle within clear view of nearby pharmacy employees. 624 So. 2d 5 (La. App. 5 Cir. 1993).

In its reply brief, Target correctly points out that the *Cobb* was decided before the Louisiana Supreme Court issued its current interpretation of La. R.S. 9:2800 in *White*.[12] Target, however, incorrectly assumes that *White* implicitly overruled *Cobb*. In fact, the *Cobb* court premised its finding of constructive notice upon a showing that the hazard had existed for some time. *Id.* at 7 *Cobb* cites the testimony of employees who "had seen a child in a basket with a box of popcorn *shortly before* plaintiff slipped on the popcorn." *Id.* (emphasis added). Such a showing would assuredly satisfy *White*'s temporal element requirement.

Nevertheless, unlike the plaintiff in *Cobb*, Courville is unable to offer positive evidence that an employee actually viewed the hazard prior to the accident. Courville submits the deposition testimony of Phyllis Granger, a Target cashier.[13] Granger testified that, from the checkout area, a

---

[11] Defendant's Memorandum in Support of Motion for Summary Judgment, pp. 10-12.

[12] Defendant's Reply, p. 3.

[13] *See* Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, p. 10.

5

cashier would be able to see clear liquid on the floor where Courville fell.[14] However, Granger was not on duty on the day of the accident and did not actually view the liquid on the day in question. Her testimony is therefore purely speculative and does not support a finding of the temporal element. "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses ... ." *Celotex*, 477 U.S. at 323-24, 106 S.Ct. at 2553.

Plaintiff asserts that it would have deposed the *actual* cashier who assisted Courville on the day of the accident, but that Target has not identified this cashier.[15] Along these same lines, the plaintiff alleges that Target once possessed a video recording of the accident scene which would have showed how long the hazard existed prior to Courville's fall.[16] The plaintiff then indirectly suggest that Target has secreted or destroyed this video.[17]

If the plaintiff believed that additional discovery would have produced evidence essential to their claim, she should have submitted an affidavit pursuant to Rule 56(f). Fed. R. Civ. P. 56; see also, *SEC v. Spence & Green Chemical Co.*, 612 F.2d 896, 901 (5th Cir. 1980). "The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, particularly where, as here, ample time and opportunities for discovery have already lapsed." *Id.* (internal citations omitted).

Courville also argues that Target's ineffective inspection policy is circumstantial evidence

---

[14] *Id.*

[15] *Id.* at 9.

[16] *Id.* at 15-16.

[17] *Id.* at 5, 15-16.

of constructive notice.[18] Courville offers no evidence in support of this contention. Target, however, offers competent evidence that employees properly executed Target's inspection policy.[19] Specifically, Target submits the deposition of employee Menard, as well as the accident report, both of which indicate that Menard inspected the accident site prior to Courville's fall.[20]

The plaintiff, however, contends that Menard lacks credibility. Courville directs the court to allegedly inconsistent statements in Menard's deposition.[21] While not in a position to make determinations of credibility, the court may properly grant summary judgment "where there is no issue of fact involving a determination of the credibility of a witness." 35B C.J.S. *Federal Civil Procedure* § 1155 (2006) (citing *Stevens v. U.S.*, 302 F.2d 158 (5th Cir. 1962)).

Here, the critical issue of fact is the existence of the hazard prior to the fall; it is irrelevant where Menard was when Courville actually fell. When deposed, Menard confirmed the statement she made in the incident report that she had inspected the accident site prior to Courville's fall and found no spill.[22] Menard's recollection as to whether she was at checkout lane 9, 10, or 11 does not alter her affirmation of the contemporaneous statement that she inspected the area immediately before the accident.

Finally, plaintiff argues that Target employee Carriere accepted responsibility for the spill,

---

[18] *Id.* at 11.

[19] Defendant's Reply, p.9 (citing Exhibit J); Defendant's Statement of Uncontested Material Facts, ¶ 18 (citing Exhibits E and C).

[20] Defendant's Statement of Uncontested Material Facts, ¶ 18 (citing Exhibits E and C).

[21] Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, pp. 12-13.

[22] *Compare* Menard Depo., pp. 56, 64 *with* Defendant's Exhibit E (Guest Incident Investigation).

and that such an acceptance establishes constructive notice.[23] Although Carriere denies making the statement,[24] the court must view the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356. Accordingly, the court will assume that Carriere made the statement and that such a statement is analogous to the apology issued by an employee in *Page v. E-Z Serve Corp.*[25] 10 F. Supp. 2d 614 (E.D. La. 1998).

Despite these assumptions, *Page* is distinguishable from the case at bar. In *Page*, employees knew that a drink barrel would regularly overflow if not drained. *Id.* As such, the safety procedure in *Page* required the merchant to inspect the floor for the *exact* substance which caused the plaintiff's fall. *Id.* Moreover, the plaintiff in *Page* offered evidence of the employee's failure to comply with the safety procedure. Here, there is no similar evidence of noncompliance. Additionally, the employee's apology in *Page* was only one of the many facts the court considered in finding a material issue of fact. *Id.* at 617-18. Considering the totality of circumstances, the court does not find that an apology alone is sufficient circumstantial evidence of constructive knowledge.

---

[23] Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, pp. 6, 8, 14.

[24] Defendant's Exhibit D, ¶ 6 (Affidavit of Cher Carriere).

[25] Although the plaintiff cites *Page v. E-Z Serve* it her brief, she does not specifically cite it for the proposition that an apology amounts to constructive notice.

Accordingly, and for the reasons assigned, defendant Target's motion for summary judgment will be granted.

Lake Charles, Louisiana, this \_\_11\_\_ day of August 2006.

_____
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE